■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON FREEMAN, Appellant. [22 NYS3d 827]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Edward J. McLaughlin, J.), rendered on or about February 15, 2013, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Renwick, J.P., Andrias, Saxe and Moskowitz, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON FREEMAN, Appellant. [22 NYS3d 828]—Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered on or about February 15, 2013, unanimously affirmed.

Application by defendant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Saunders*, 52 AD2d 833 [1st Dept 1976]). We have reviewed this record and agree with defendant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant may apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Renwick, J.P., Andrias, Saxe and Moskowitz, JJ.